United States District Court
for the
Southern District of Florida

| Kristopher Truffin and Victor Arrubarrena, Plaintiffs, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 19-24468-Civ-Scola |
| North Beach Tavern LLC, Jason Mamane, and Alessandro Doino, Defendants. | | |

### **Order Granting Motion to Dismiss**

Now before the Court is the Defendants' motion to dismiss Count V of the amended complaint. The Plaintiffs Kristopher Truffin and Victor Arrubarrena failed to timely respond to the Defendants' motion to dismiss.[1] For the reasons set forth below, the Court **grants** the motion to dismiss (**ECF No. 6**) filed by the Defendants North Beach Tavern LLC, Jason Mamane, and Alessandro Doino.

**1. Background**

The Plaintiffs Kristopher Truffin and Victor Arrubarrena filed this action against their employers seeking to recover unpaid wages and damages for retaliation pursuant to the Fair Labor Standards Act ("FLSA") and § 440.205, Florida Statutes. (ECF No. 12.) The case was originally filed in Miami Dade Circuit Court and has since been removed to this Court. (ECF No. 1.) The Plaintiffs filed an amended complaint (ECF No. 12.)

Kristopher Truffin worked at North Beach Tavern LLC from November 2018 until January 2019. He worked about 55 hours each week and did not receive overtime for the 15 overtime hours. (ECF No. 12 at ¶¶ 10-12.) On January 7, 2019, Truffin complained to the Defendants "about the unlawful actions taking place," and eleven days later the Defendants terminated him. (*Id.* at ¶¶ 14-15.)

Victor Arrubarrena worked at North Beach Tavern LLC from September 2018 until January 31, 2019. (*Id.* at ¶ 19.) Arrubarrena worked an average of 45

---

[1] The Plaintiffs failure to respond to the complaint constitutes an independent basis to dismiss the complaint. *See* Local Rule 7.1(c) ("each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *Arrington v. Hausman,* 2016 WL 782416, at *2 (S.D. Fla. Feb. 17, 2016) (Gayles, J.) (dismissing case for failing to respond to the motion to dismiss).

hours each week and did not receive payment for the five overtime hours. (*Id.* at ¶¶ 19-21.) At some point, Arrubarrena complained about not properly receiving overtime compensation. (*Id.* at ¶ 22.) He was also burned by hot oil at work on January 13, 2019. (*Id.* at ¶ 23.) The Defendants terminated Arrubarrena for his prior complaint regarding overtime compensation and also for seeking worker's compensation. (*Id.* at ¶ 25.)

The Defendants now seek to dismiss the claim that Arrubarrena was fired for seeking worker's compensation in violation of § 440.205, Florida Statutes. (*Id.*)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Count V

Section 440.205, Florida Statutes prohibits employers from "discharge[ing], threaten[ing] to discharge, intimidat[ing], or coerc[ing] any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law." Fla. Stat. § 440.205. To state a claim for retaliation under § 440.205, an employee must allege "that he (1) engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the Plaintiff's protected activities." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1295 (S.D. Fla. 2014) (Moreno, J.) (citing *Little v. United Technologies*, 103 F.3d 956, 959 (11th Cir. 1997)). Here, the Plaintiffs fail to establish that Arrubarrena was engaged in a statutorily protected activity.

Arrubarrena's allegation that he "reported [the oil burn] to the [m]anager on duty, but said [m]anager did not allow Plaintiff to go home to tend to his wounds" is not sufficient to show that he was engaged in an activity that was

protected by the statute. (ECF no. 12 at ¶ 24.) Notably, Arrubarrena does not allege that he filed a claim for worker's compensation before he was terminated, and merely reporting the injury to one's employer is not protected by the statute. *See Leon*, 51 F. Supp. 3d at 1295 n. 1 ("Plaintiff has failed to cite to a case supporting the notion that simply notifying Defendant of his accident constitutes a valid workers' compensation claim."); *cf. Smith v. Piezo Technology and Professional Adm'rs*, 427 So. 2d 182, 184 (Fla. 1983) ("our legislature has proscribed a wrongful discharge because of an employee's pursuit of a workers' compensation claim.").

### 4. Collective Action

The Defendants also move to dismiss "the collective action allegation in Count I." (ECF No. 17 at 4-5.) This is improper. As the Plaintiffs have not moved to certify a collective action in this case, the Court will not rule on whether the Plaintiffs can bring a collective action.

### 5. Conclusion

In sum, the Court **grants** the Defendants' motion to dismiss (**ECF No. 17**). Count V is dismissed without prejudice. The Court notes that to re-amend their amended complaint the Plaintiffs must either obtain "the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(a)(2).

**Done and ordered**, in Miami, Florida on December 16, 2019.

Robert N. Scola, Jr.
United States District Judge